## CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Noland Company

    v.

Thomas M. Holsapple

July 9, 1990

Case No. (Law) 4352

By JUDGE JAY T. SWETT

On October 11, 1989, Noland Company filed a motion for judgment against Thomas M. Holsapple seeking judgment in the amount of $8,864.87. The basis for the suit was an open account that the defendant maintained with the plaintiff. Holsapple filed a general grounds of defense denying that he was indebted to Noland. Noland then filed a motion for summary judgment.

The matter came on for a hearing. Upon the representations of Noland and Holsapple, it appears that the material facts are not in dispute. Sometime after Noland filed suit, counsel for Noland and counsel for Holsapple entered into settlement negotiations. On April 27, 1990, counsel for Noland mailed a letter to counsel for Holsapple extending a settlement offer of $7,500.00 payable on or before May 15, 1990. There were no other terms or conditions regarding the settlement offer. Counsel for Noland accepted the offer by telephone. The parties agree that at that time there was a valid compromise and settlement agreement of the pending litigation. Holsapple did not pay the agreed upon amount as promised by May 15, 1990.

Noland's motion for summary judgment seeks judgment for the original amount sued for and not for the lesser amount that was the subject of the compromise and settlement agreement. Holsapple admits that he has not paid the amount

called for under the settlement agreement and admits that he has breached the terms of the settlement agreement. However, Holsapple contends that Noland's sole remedy is a claim for breach of the settlement agreement and that Noland cannot seek judgment for the initial amount claimed in the underlying action.

Both parties argue that the matter is controlled by general principles of contract law. The court agrees. Noland argues that the breach of the settlement agreement by Holsapple constituted a material breach which therefore excuses Noland from performing under the settlement agreement. The performance called for under the settlement agreement, argues Noland, is to release Holsapple from the original claim that was the subject matter of the original litigation. Since Holsapple's breach of the contract is material, Noland contends that it is excused from any other performance and may elect to proceed under the original open account.

Holsapple argues that the settlement agreement is the only claim under which Noland may proceed against Holsapple. While Holsapple admits that he has breached the terms of the settlement agreement, Holsapple contends that the settlement agreement between Holsapple and Noland "constitutes a merger and a bar of all claims" that were present in the underlying suit that was settled. Holsapple further argues that Noland may not elect to rescind the settlement agreement except on the grounds of mistake, fraud or absence of consideration.

Somewhat surprisingly there are very few cases decided in Virginia that deal with the precise issue of the effect of a breach of a settlement agreement and whether the nonbreaching party is able to elect to ignore the terms of the settlement agreement and proceed with pursuing the original claim that was the subject of the compromise. After reviewing the general authorities on the subject, the court believes that the correct result is that Noland is limited to a recovery for breach of the settlement agreement. Noland correctly construes the failure of Holsapple to pay the amount of the settlement by May 15, 1990, as a material breach of the settlement agreement. However, Noland's available remedies as a result of that breach depend on the nature of the compromise and settlement reached with Holsapple. Here, the settlement agreement

reached was that Noland released its claim against Holsapple in exchange for a promise to pay $7,500.00 on or before May 15, 1990. Noland had fully performed under the contract when it released Holsapple. Its right under the settlement agreement was an entitlement to receive $7,500.00 by May 15, 1990. Thus, prior to May 15, 1990, there was no further performance necessary by Noland to fulfill its obligations under the compromise and settlement agreement. Noland's argument and the authorities cited in its memorandum presuppose further performance necessary on the part of Noland. If this contract were executory and thereby called for future performance by Noland, then the materiality of the breach by Holsapple would excuse further performance by Noland. Here, Noland's performance was fully completed at the time that the settlement agreement was reached in that Noland released Holsapple in exchange for a future promise to pay a lesser amount of the open account.

This is consistent with the general rule discussed in 4A Michie's Jurisprudence, *Compromise and Settlement* Section 6 and Section 10. There it is stated that an agreement to compromise and settle litigation constitutes a merger and a bar of the claim which is the subject of the litigation. Michie's goes on to state that the original case cannot be reopened except on the grounds of accident, mistake or fraud. There is no claim here by Noland of such grounds to reopen the claim. Noland claims that the settlement agreement is void due to a failure of consideration. However, there was consideration given by Holsapple at the time of the settlement agreement. The consideration given by Holsapple and accepted by Noland was a promise by Holsapple to pay $7,500.00 by a certain date. The fact that the payment was not made by Holsapple does not change the fact that valuable consideration was given and received when the settlement agreement was originally made.

In effect, Noland seeks rescission of the settlement agreement. Rescission of settlement agreements is not available except where it is mutually requested or where one party is able to show either mistake or fraud. Neither is applicable here.

Accordingly, Noland's motion for summary judgment is denied. Noland's sole remedy against Holsapple is for breach of the terms of the settlement agreement.